UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DAVID ADAMS,<br><br>    Plaintiff,<br><br> v.<br><br>WORLD SAVINGS BANK, FSB, et al.,<br><br>    Defendants. | Case No. 2:12-cv-00356-MMD-GWF<br><br>ORDER<br><br>(Defendant's Motion for Reconsideration –<br>dkt. no. 26) |

    Before the Court is Defendant World Savings Bank, FSB's ("World Savings") Motion for Reconsideration of the Court's July 10, 2012 Order. (Dkt. no. 26.) In that Order, the Court withdrew its previous Order Granting Defendant's Motion to Dismiss, filed on July 5, 2010 (dkt. no. 23). For reasons stated below, the Motion for Reconsideration is GRANTED. The Court accordingly also GRANTS Defendant's Motion to Dismiss (dkt. no. 13).

**I. BACKGROUND**

    On June 21, 2012, Defendant's counsel informed the Court through an *ex parte* communication that Defendant's pending Motion to Dismiss (dkt. no. 13) was unopposed. The Court accordingly granted the Motion on July, 5, 2012. (Dkt. no. 23.) However, the Court subsequently learned that Plaintiff had filed for bankruptcy on June 1, 2012. The Court received notice of Plaintiff's bankruptcy on June 29, 2012, through a letter dated June 6, 2012, from Plaintiff's bankruptcy attorney, addressed to Defendant's counsel with a copy to the Court. (Dkt. no. 24.) Defendant's counsel did not inform the Court of the June 6, 2012, letter from Plaintiff's bankruptcy counsel in his June 21 *ex*

*parte* letter to the Court. After learning about Plaintiff's bankruptcy, the Court issued an order withdrawing its June 5, 2012, Order granting Defendant's Motion to Dismiss and issued a stay pending the resolution of Plaintiff's bankruptcy proceedings or until the bankruptcy court lifted the automatic stay. (Dkt. no. 25.) Defendant World Savings now asks the Court to reconsider this decision.

## II.     DISCUSSION

### A.     Legal Standard

Although not mentioned in the Federal Rules of Civil Procedure, motions for reconsideration may be brought under Rules 59(e) and 60(b). Defendant brings its Motion under Rule 60(b). (Dkt. no. 26 at 1.)

Under Rule 60(b), a court may relieve a party from a final judgment, order or proceeding only in the following circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the judgment. *Stewart v. Dupnik*, 243 F.3d 549, 549 (9th Cir. 2000); *see also De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 880 (9th Cir. 2000) (noting that the district court's denial of a Rule 60(b) motion is reviewed for an abuse of discretion).

A motion for reconsideration must set forth the following: (1) some valid reason why the court should revisit its prior order; and (2) facts or law of a "strongly convincing nature" in support of reversing the prior decision. *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003). On the other hand, a motion for reconsideration is properly denied when the movant fails to establish any reason justifying relief. *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985) (holding that a district court properly denied a motion for reconsideration in which the plaintiff presented no arguments that were not already raised in his original motion)).

### B.     Analysis

The requirements of Fed. R. Civ. P. 60(b) are satisfied here. It was a mistake of law for the Court to issue a stay in this case. 11 U.S.C. § 362(a) holds that a bankruptcy

petition operates as a stay with respect to any action "against the debtor that was or would have been commenced before the commencement" of the bankruptcy case. However, the automatic bankruptcy stay does not apply to offensive actions commenced by a debtor. *Id.*; *Matter of U.S. Abatement Corp.*, 39 F.3d 563, 568 (5th Cir. 1994) ("The automatic stay of the Bankruptcy Code extends only to actions 'against the debtor.' We have previously held that counterclaims asserted by a debtor are not actions 'against the debtor' which are subject to the automatic stay." (citing 11 U.S.C. § 362(a)).

The Court therefore reinstates its decision to grant Defendant's Motion to Dismiss. Defendant filed a Motion to Dismiss Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(6) on March 23, 2012. (Dkt. no. 13.) The response was due on April 9, 2012, although the parties stipulated to extend the deadline until April, 16 2012. (Dkt. no. 18 at 3.) Plaintiff did not meet this deadline and has not opposed the motion. Failure to file points and authorities in opposition to a motion constitutes consent that the motion be granted. L.R. 7-2(d); *see Abbott v. United Venture Capital, Inc.*, 718 F. Supp. 828, 831 (D. Nev. 1989). Further, the Court has conducted an independent review of the Motion and determines that it is meritorious. The Court therefore GRANTS Defendant's unopposed motion.

**III.     CONCLUSION**

IT IS THEREFORE ORDERED that Defendant's Motion for Reconsideration (dkt. no. 26) is GRANTED.

IT IS FURTHER ORDERED that Defendant's unopposed Motion to Dismiss (dkt. no. 13) is GRANTED.

IT IS FURTHER ORDERED that the stay imposed by the Court's July 10, 2012, order (dkt. no. 25) is hereby lifted.

DATED THIS 21st day of August 2012.

_____
UNITED STATES DISTRICT JUDGE